**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-01891-KLM

VANCE LARIMER,

      Plaintiff,

v.

TRANSUNION ACQUISITION CORP, d/b/a TRANSUNION,
EQUIFAX INC., d/b/a EQUIFAX,
EXPERIAN INFORMATION SOLUTIONS, INC., d/b/a EXPERIAN,
OCWEN LOAN SERVICING, LLC., d/b/a OCWEN,
<u>MIDLAND CREDIT MANAGEMENT, INC.</u>

      Defendants.

---

## FIRST AMENDED COMPLAINT

---

COMES NOW, the Plaintiff, Vance Larimer, by and through undersigned counsel, Larson & Larimer, P.C., for his FIRST AMENDED COMPLAINT against the above-named Defendants, states and alleges as follows:

### PARTIES

1. Plaintiff Vance Larimer (hereinafter "Plaintiff") is a citizen of Colorado and currently resides at 10414 Carriage Club Drive, Lone Tree, CO 80124.

2. Defendant Transunion Acquisition Corp (hereinafter "Defendant TransUnion") is a consumer reporting agency and foreign corporation with a principal office street address of 555 West Adams Street, Chicago, IL 60661-3719.

3. Equifax Inc., (hereinafter "Defendant Equifax") is a consumer reporting agency and foreign limited liability company with a principal office street address of 1550 Peachtree Street, Atlanta, GA 30309.

4. Experian Information Solutions, Inc. (hereinafter "Defendant Experian") is a consumer reporting agency and foreign corporation with a principal office street and mailing address of 475 Anton Boulevard, Costa Mesa, CA 92626.

5. OCWEN Loan Servicing, LLC, (hereinafter "Defendant OCWEN") is a foreign limited liability company with a principal office street address of 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

6. Cavalry Portfolio Services, LLC, (hereinafter "Defendant Cavalry") is a foreign limited liability company with a principal office street address of 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

7. Midland Credit Management, Inc., (hereinafter "Defendant Midland") is a foreign corporation with a principal office street address of 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

## JURISDICTION AND VENUE

8. Pursuant to 15 U.S.C. § 1681p, this Court has jurisdiction because this action is to enforce liability created under the Fair Credit Reporting Act.

9. Pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1), this court has original jurisdiction because the matter in controversy exceeds the sum or value of $75,000.00 and the parties are citizens of different States.

10. Pursuant to 28 U.S.C. § 1331, this court has original jurisdiction because the present action arises under the laws of the United States, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(2) and (b)(2) because Plaintiff resides in Lone Tree, Colorado, within this judicial district and the Defendants regularly conduct business and are subject to personal jurisdiction within Colorado. In addition, a substantial portion of the events or omissions giving rise to the claims asserted herein occurred, and continue to occur, in this district.

## GENERAL ALLEGATIONS

12. On or about December of 2013, Plaintiff discovered that Defendant OCWEN had reported to Defendants TransUnion, Equifax, Experian, and Calvary that Plaintiff has an active mortgage account that was more than 180 days past due.

13. Plaintiff does not currently have a past-due mortgage account with OCWEN.

14. Plaintiff did not, at the initial time of reporting, have a past-due mortgage account with OCWEN.

15. On or about December of 2013, Plaintiff discovered that Defendants Cavalry and OCWEN were inaccurately reporting a collection account to Defendants TransUnion, Equifax, and Experian.

16. On or about January 24, 2014, Plaintiff notified Defendants TransUnion, Equifax, and Experian in writing via certified mail of the error on his credit report. *See* **Exhibit A**.

17. Upon information and belief, Defendants TransUnion, Equifax, and Experian notified Defendants Cavalry and/or OCWEN of the error.

18. On or about February 23, 2014, Plaintiff notified Defendants OCWEN and Cavalry in writing of the error on his credit report. *See* **Exhibit B**.

19. On or about April 30, 2014, Plaintiff again notified Defendants TransUnion, Equifax, Experian, and OCWEN in writing of the error on his credit report. *See* **Exhibit C**.

20. On or about June 1, 2014, Plaintiff notified Defendants of the error online through the Consumer Financial Protection Bureau.

21. Defendants have failed to conduct a proper and timely investigation.

22. Defendants have failed to provide Plaintiff with any documentation supporting the validity and accuracy of the contested information in his credit report.

23. Defendants have failed to delete the account from Plaintiff's report.

24. Defendant OCWEN has refused to speak with and provide any additional information to Plaintiff.

25. Defendant Cavalry has failed to provide Plaintiff with supporting documents regarding the accuracy of the account within sixty days of Plaintiff's request.

26. Plaintiff has also attempted on three occasions to contact Defendant Midland to dispute information that Defendant Midland was reporting. Defendant Midland did not respond or remove the disputed accounts.

27. On September 23, 2014, Plaintiff again contacted Defendant Midland with a final request for information. See **Exhibit A**. Plaintiff has not received any response from Defendant Midland.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF C.R.S. § 12-14.3-101 ET SEQ. OF THE COLORADO CONSUMER CREDIT REPORTING ACT**

28. Plaintiff incorporates paragraphs 1- ~~24~~ 27 as if fully set forth herein.

29. Upon information and belief, Defendants failed to comply with the requirements imposed under the Colorado Consumer Credit Reporting Act, C.R.S. § 12-14.3-101 et. seq., including, but not limited to:

   a. Failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the consumer, as C.R.S § 12-14.3-103.5 requires; and

   b. Failing to comply with the reinvestigation requirements set forth in C.R.S § 12-14.3-106.

30. As a result of Defendants' violations, Plaintiff has suffered, continues to suffer, and will suffer in the future, injuries, damages, and losses.

31. Plaintiff is entitled to punitive damages in an amount to be determined at trial and/or damages pursuant to C.R.S. § 12-14.3-108.

32. Plaintiff is entitled to actual damages in an amount to be determined at trial in addition to any statutory damages in an amount to be determined by the Court.

33. Plaintiff is entitled to his attorney fees.

**SECOND CLAIM FOR RELIEF**
**EXTREME AND OUTRAGEOUS CONDUCT**

34. Plaintiff incorporates paragraphs 1- ~~30~~ 33 as if fully set forth herein.

35. Defendants engaged in extreme and outrageous conduct by failing to properly investigate and delete upon request inaccurately-reported information on Plaintiff's credit report and by failing to communicate with Plaintiff on the issue.

36. Defendants engaged in this conduct recklessly or with the intent of causing Plaintiff severe emotional distress.

37. The Defendant's conduct caused Plaintiff severe emotional distress.

38. As a result, Plaintiff has suffered injuries, damages, and losses.

**THIRD CLAIM FOR RELIEF**
**WILLFUL VIOLATION OF 15 U.S.C. § 1681i**
**OF THE FAIR CREDIT REPORTING ACT**

39. Plaintiff incorporates paragraphs 1- ~~35~~ 38 as if fully set forth herein.

40. Upon information and belief, Defendants willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. § 1681 et. seq., including, but not limited to:

   c. Failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in consumer reports, as 15 U.S.C. §1681i requires; and

   d. Failing to comply with the reinvestigation requirements in 15 U.S.C. §1691i.

41. As a result of Defendants' violations, Plaintiff has suffered, continues to suffer, and will suffer in the future, injuries, damages, and losses.

42. Plaintiff is entitled to punitive damages in an amount to be determined at trial.

43. Plaintiff is entitled to actual damages in an amount to be determined at trial in addition to any statutory damages in an amount to be determined by the Court.

44. Plaintiff is entitled to his attorney fees pursuant to 15 U.S.C. § 1681n(a).

**FOURTH CLAIM FOR RELIEF**
**NEGLIGENT VIOLATION OF 15 U.S.C. § 1681o**
**OF THE FAIR CREDIT REPORTING ACT**

45. Plaintiff incorporates paragraphs 1- ~~41~~ 44 as if fully set forth herein.

46. Upon information and belief, Defendants negligently failed to comply with the requirements imposed under the FCRA, including, but not limited to:

   a. Failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in consumer reports, as 15 U.S.C. §1681e(b) requires; and

   b. Failing to comply with the reinvestigation requirements in 15 U.S.C. §1691i.

47. As a result of Defendants' violations, Plaintiff has suffered, continues to suffer, and will suffer in the future, injuries, damages, and losses.

48. Plaintiff is entitled to punitive damages in an amount to be determined at trial.

49. Plaintiff is entitled to actual damages in an amount to be determined at trial in addition to any statutory damages in an amount to be determined by the Court.

50. Plaintiff is entitled to his attorney fees pursuant to 15 U.S.C. § 1681o(a).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial on all claims so triable and judgment as follows:

51. Actual damages suffered by Plaintiff as a result of Defendants' violations;

52. Punitive and exemplary damages as authorized under the law;

53. All statutory damages in an amount to be determined at trial;

54. Pre-judgment interest at the maximum rate permitted by law;

55. Costs and disbursements assessed by Plaintiff in connection with this action;

56. Attorney fees and costs;

57. Such other relief as this Court may deem just and proper.

Dated this 29th day of October 2014.

LARSON & LARIMER, PC

*/s/ Mark A. Larson*
Mark A. Larson (CBN 23274)
Lauren E. Varner (CBN 46519)
Larson & Larimer, P.C.
8400 E. Prentice Avenue, Suite 150
Greenwood Village, Colorado 80111
T: 303.221.0039
F: 303.221.4924
E: mal@larsonandlarimer.com
   lev@larsonandlarimer.com
*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

   I hereby certify that on this 29th day of October, 2014, I filed the foregoing **First Amended Complaint** with the Clerk of Court for the United States District Court for the District of Colorado and served the same through the CM/ECF system on the following:

Ginny E. Webb
Strasburger & Price, LLP
2801 Network Boulevard, Suite 600
Frisco, TX 75034
Telephone: (469) 287-3907
Facsimile: (469) 227-6581
E-mail: ginny.webb@strasburger.com

Benton J. Barton
HALL & EVANS, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3300
Facsimile: (303) 293-3231
E-mail: bartonb@hallevans.com

Ian Edward Smith
King & Spalding, LLP
Atlanta 1180 Peachtree Street, N.E.
38th Floor
Atlanta, GA 30309-3521
Telephone: (404)-572-2565
Facsimile: (404)-572-5100
Email: IESmith@kslaw.com

John Anthony Love
King & Spalding, LLP
Atlanta 1180 Peachtree Street, N.E.
38th Floor
Atlanta, GA 30309-3521
Telephone: (404)-572-4600
Facsimile: (404)-572-5100
Email: tlove@kslaw.com

Michael Mahoney Frandina
Kutak Rock, LLP
1801 California Street, Suite 3100
Denver, CO 80202-2626
Telephone: 303-297-2400
Facsimile: 303-292-7799
Email: michael.frandina@kutakrock.com

Mark Cameron Willis
Kutak Rock, LLP
1801 California Street, Suite 3100
Denver, CO 80202-2626
Telephone: 303-297-2400
Facsimile: 303-292-7799
Email: mark.willis@kutakrock.com

Brianne Jackson
Jones Day
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: 949-851-3939
Facsimile: 949-553-7539
Email: bjackson@jonesday.com

/s/ Jamye Harris
Jamye Harris