IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01891-RM-KLM

VANCE LARIMER,

     Plaintiff,

v.

OCWEN LOAN SERVICING, LLC, doing business as Ocwen,

     Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant Ocwen Loan Servicing, LLC's Motion to Extend Its Expert Deadline and Amend the Scheduling Order** [#85][1] (the "Motion"). The Motion is referred to the undersigned for disposition [#86]. Plaintiff filed a Response [#88] to the Motion and Defendant filed a Reply [#89] in further support of the Motion. Accordingly, the Motion is ripe for resolution. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#85] is **GRANTED**.

## I. Background

In this action, Plaintiff brings claims for alleged violations of the Colorado Consumer Credit Reporting Act, extreme and outrageous conduct, and alleged violations of the Fair

---

[1] "[#85]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

Credit Reporting Act.  *Compl.* [#1] ¶¶ 25-47.  In short, Plaintiff alleges that Defendant falsely reported to credit reporting agencies that he had a past due mortgage. *Id.* ¶¶ 11-13.

On November 13, 2014, the Court held a Scheduling Conference during which it set a variety of deadlines in this case.  *See generally Courtroom Minutes* [#53].  At the Scheduling Conference the Court also entered the Scheduling Order [#54].  In the Scheduling Order the Court set expert witness disclosure deadlines.  *Sched. Order* [#54] §¶ 9(d)(3)-9(d)(4).  On February 4, 2015, the Court extended the expert disclosure deadlines at the request of the parties.  *Minute Order* [#76] at 1.  On March 4, 2015, the Court again extended those deadlines at Plaintiff's request.  *Minute Order* [#84] at 1.  As a result, the deadline for Plaintiff to disclose his affirmative expert witnesses was April 1, 2015, and the deadline for Defendant to disclose its affirmative expert witnesses was May 1, 2015.  *Id.*  Pursuant to the Scheduling Order, all rebuttal experts were to be designated "on or before 30 days from the report to be rebutted."  *Sched. Order* [#54] ¶ 9(d)(4).

In the Motion, Defendant asks the Court to extend its deadline to provide its expert reports to Plaintiff by three weeks and asks the Court to extend its rebuttal expert disclosure deadline through May 22, 2015.  *Motion* [#85] at 4.  In support of the requested relief, Defendant argues that Plaintiff will not be prejudiced by the requested extension.  *Id.* at 5.  Defendant maintains that Plaintiff "sent his first discovery a little over two weeks" prior to the filing of the Motion and that "no depositions have been scheduled."  *Id.*  Defendant further argues that it "has been diligent in obtaining an expert, particularly in light of the efforts that have been made to resolve this case through a negotiated settlement."  *Id.* at 6.  Defendant notes that all of the other Defendants have settled the claims asserted against them and that "most of [its] efforts have focused on settlement, not on discovery."

2

*Id.* Defendant maintains that, in addition to focusing on settlement, it "remained diligent in conducting the discovery necessary to defend itself in this action, including sending out written discovery and identifying an expert once it became clear that Plaintiff was in fact disclosing an expert report." *Id.* Finally, with regard to its diligence in pursuing discovery, Defendant states that it "did not learn the identity and qualifications of Plaintiff's expert until Plaintiff's Supplemental Expert Disclosure, which disclosed a different expert than Plaintiff's Initial Expert Disclosure, and [Defendant] thus [was] unable to conduct due diligence until that time." *Id.*

In his Response, Plaintiff argues that he will be prejudiced by the requested extensions because of other discovery deadlines set in this case. *Response* [#88] at 2. Plaintiff further maintains that Defendant was not diligent in pursuing discovery because it "did not serve on Plaintiff any discovery request until April 22, 2014, and did so only after Plaintiff had served [Defendant] with its discovery requests one week earlier." *Id.* Plaintiff avers that Defendant "did not request to take Plaintiff's deposition until May 6, 2015, and did so only after Plaintiff had sent to [Defendant] a 30(b)(6) Notice the day prior." *Id.* at 2-3.

In its Reply, Defendant states that it served its expert disclosures on Plaintiff on May 22, 2015.[2] *Reply* [#89] at 1. Defendant also notes that it "provided Plaintiff's counsel with four different dates of availability for the deposition of [Defendant's] expert before the close of discovery." *Id.* As a result, Defendant argues that Plaintiff is not prejudiced by the existing discovery schedule because "three weeks is more than enough time to schedule

---

[2] The Reply uses the date May 22, 2014. However, the context makes clear that this is a typographical error and that the disclosures were served on May 22, 2015, "the date of the extension requested in the" Motion. *Reply* [#89] at 1.

the deposition." *Id.* at 2.  Defendant maintains that the small window for deposing its expert is due to Plaintiff's conduct: "Not only did Plaintiff request and receive a two month extension of time for his expert deadline, he used the full two months extension." *Id.* at 3. With regarding to its diligence, Defendant argues that the fact "[t]hat [it] waited to retain an expert until seeing Plaintiff's disclosures, including his report, in no way demonstrates that [Defendant] was not diligent in conducting discovery or retaining an expert." *Id.*

## II.  Standard of Review

Pursuant to Fed. R. Civ. P. 16(b)(4), the Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  To demonstrate good cause pursuant to Fed. R. Civ. P. 16(b)(4), the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 1009) (citation omitted); Minter *v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted); *accord Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order).  "While rigid adherence to the pretrial scheduling order is not advisable," *SIL-FIO v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), the pleading amendment deadline requires that parties conduct discovery efficiently and promptly in order to timely comply.  *See Granite Southlands Town Center LLC v. Alberta Town Center, LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2

4

(D. Colo. June 8, 2010) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require [parties] to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later."); *Sanchez v. City & Cnty. of Denver ex rel. Bd. of Water Comm'rs*, No. 07-cv-01805-MSK-BNB, 2007 WL 4557842, at *1 (D. Colo. Dec. 20, 2007) (noting that "the purpose of the deadline to amend contained in the Scheduling Order is to force the parties to make any known amendments immediately so that all discovery in the case, including the earliest discovery, is taken with the claims and defenses as the parties expect them to be").  However, "[t]he fact that a party first learns through discovery of information which may lead to amendment of deadlines set forth in the Scheduling Order constitutes good cause for such amendment pursuant to Rule 16(b)[(4)]."  *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010), *adopted by* 2010 WL 1957099 (D. Colo. May 17, 2010), (citing *Pumpco*, 204 F.R.D. at 668-69).

### III. Analysis

As noted above, Defendant argues that it was diligent in obtaining discovery, but that the requested extension is necessary because it waited to retain an expert until it received Plaintiff's disclosure on April 1, 2015.  *Reply* [#89] at 3.  Defendant argues that "[i]t is customary for a defendant such as Ocwen to wait on spending time and resources to identify an expert until determining if a plaintiff such as Mr. Larimer identifies an expert and the topics in such a report."  *Id.*  Defendant further argues that the Scheduling Order reflects this custom because "the expert deadlines for all of the [D]efendants came after Plaintiff's expert deadlines."  *Id.*; *see Sched. Order* [#54] § 9(d)(3) (setting February 1, 2015 affirmative expert disclosure deadline for Plaintiff and March 1, 2015 affirmative expert

5

disclosure deadline for Defendants).  As Defendant explained, Plaintiff identified a retained expert on February 2, 2015,  "[h]owever, Plaintiff's Initial Expert Disclosure failed to comply with Fed. R. Civ. P. 26(a)(2)(B) in that Plaintiff did not provide an expert report."  *Id.* at 2. Defendant conferred with Plaintiff in order to remedy this deficiency in the disclosure and the parties agreed to an extension of the deadline.  *Id.* at 2-3. As Defendant explained, "[o]n April 1, 2015, Plaintiff served his First Supplemental Expert Disclosures . . . [which] disclosed a different expert [ ] than Plaintiff's Initial Expert Disclosure . . . ."  *Id.* at 3. Therefore, Defendant was "unable to conduct diligence until that time." *Id.* at 6.  However, it is unclear why Defendant could not meet the deadlines set in the Scheduling Order.  In short, Defendant is seeking an extension of the 30 day deadline set by the Scheduling Order and argues that the 30 days provided in the Scheduling Order were not sufficient. It appears that the real basis for Defendant's request is the fact that the parties were focusing on settlement negotiations, not the date of Plaintiff's disclosure. *Motion* [#85] at 6.

The Court has previously held that a party's failure to engage an expert and timely move for extension of the expert disclosure deadline does not constitute good cause for amendment of the scheduling order.  *See e.g., Am. Nat'l Prop. & Cas. Co. v. Uscier*, No. 09-cv-02053-CMA-MJW, 2010 WL 2802653, at *2 (D. Colo. July 14, 2010)*; Rothermund v. City of Craig*, No. 00-N-311, 2000 WL 1456952, at *1 (D. Colo. Sept. 25, 2000). However, in those cases the party seeking the extension sought extension of the deadlines after their expiration and therefore, also had to show that "the failure to act was the result of excusable neglect."  Fed. R. Civ. P. 6(b); *see also Uscier*, 2010 WL 2802653, at *1-2; *Rothermund*, 2000 WL 1456952, at *1.  In this case, Defendant filed the Motion before the

expiration of the two deadlines for which it seeks extension.   Its affirmative expert disclosure deadline was May 1, 2015 and its rebuttal expert disclosure deadline was 30 days after receipt of Plaintiff's expert disclosure.   *Sched. Order* [#54] § 9(d)(4); *Minute Order* [#84] at 1.   Accordingly, the Court finds that this case is more akin to *Ehler v. IPEX, Inc.*, 2009 WL 1392075, at *4 (D. Colo. May 15, 2009), in which the Court granted a stipulated motion to amend the scheduling order and found that the parties' engagement in settlement discussions constituted good cause for amendment of the scheduling order. In that case the Court noted that discovery would continue while the parties engaged in settlement negotiations.   *Id.*  Similarly, here, the parties have engaged in discovery to date and appear to be on track to hold the Final Pretrial Conference on October 13, 2015 as scheduled.   *See Reply* [#89] at 1-3 (noting that Defendant's expert disclosures were served on Plaintiff on May 22, 2015 and that the parties conferred regarding deposition dates within the current discovery schedule).   As a result, the Court is satisfied that the brief three-week extension of Defendant's expert disclosure deadlines will not cause any significant delay of this case and finds that, in these circumstances, Defendant has shown good cause for the requested amendment of the Scheduling Order to extend its affirmative and rebuttal expert disclosure deadlines by three weeks.

However, Defendant is warned that it cannot ignore its discovery obligations in the hopes that the parties will reach settlement.   Counsel must strive to be good case managers by balancing their client's desire for cost management with the client's obligation to participate in discovery as ordered by the Court.   *See Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, at *4-5 (D. Colo. April 9, 2010) (discussing those obligations and denying motion to amend a scheduling order).   As a

result, the Court will not look favorably on any future contested motions to amend the Scheduling Order that rely only on on-going settlement negotiations as the basis for a finding of good cause.

### IV.  Conclusion

Accordingly, based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#85] is **GRANTED**.   Defendant's Affirmative Expert Disclosure Deadline and Rebuttal Expert Disclosure Deadline are extended to **May 22, 2015**.  As a result, Defendant's disclosures served on that date as deemed timely.

Dated:  July 1, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge